CLIFFORD D. PRENTICE, ET AL.
vs.
WILLIAM BLOODGOOD

Superior Court     New Haven County     File #52203

Present:   Hon. ALFRED C. BALDWIN, Judge.

Louis Boyarsky,              Attorney for the Plaintiffs.

Vincent P. Dooley,          Attorney for the Defendant.

## MEMORANDUM FILED FEBRUARY 21, 1938.

BALDWIN, J. This is an action to recover for waste alleged to have been committed by the defendant during his tenancy under a written lease of a farm for a term of five years beginning March 1, 1932, and which tenancy continued to the end of the term, March 1, 1937.

The damages sought to be recovered arise from various claims: (a) Damages to the land resulting from failure to properly till and fertilize certain fields—bad husbandry. (b) Sale and removal from the farm of manure made thereon. (c) Neglect to keep buildings in condition and make ordinary repairs (this claim was abandoned upon the trial). (d) Injuries resulting to a farm wagon, farming machinery, implements and tools from failure to properly house the same by exposing the same to the weather. (e) That defendant took the leased premises with a quantity of hay in a barn and a quantity of ensilage in the silos and that upon turning back the leased premises there was not an equivalent in hay or ensilage to turn back to the plaintiffs.

Hay, cut and stacked, or in a barn, and ensilage in a silo, are personalty and not real property. So also are the farm wagon, machinery, implements and tools.

Waste is an action concerned with damage to realty. This action is brought under **section 5995 of the General Statutes, Revision of 1930,** which provides:

"Any person who, having no greater interest in real estate than an estate for years, or for life, created by the act of the parties and not by the act of the law, shall commit waste upon the premises, beyond what tenants for years or life created by operation of law may do, shall be liable to the party injured in an action on this section, unless he were expressly authorized, by the contract under which such interest is created, to do the acts complained of."

The statute relates to waste to real estate. In fact the term "waste" as used in the lease and in the statute relates only to real estate, and the term "premises" as used in the lease relates only to the realty. The term as used in the law does not relate to personalty unless the context of the contract clearly intends that it so relate. In the instant case there is no contract relating to damages to personalty or resulting from the

absence of personalty upon the termination of the tenancy and the turning back of the property leased.

While there was bad husbandry and some injury caused to a farm wagon, to farm machinery, implements and tools resulting from keeping them out of doors and exposed to the weather when not in use, no damages in this action are recoverable for such injury nor is there any basis for recovery on account of the absence of hay and ensilage upon the termination of the lease.

Defendant claims that the plaintiffs are not entitled to recover for waste to the realty since at the time of entering into the lease they had no title and no right to lease the farm. At the time the lease was executed plaintiffs were renting the farm and the personalty described in the lease from their father from year to year under an oral lease and were in possession. In January, 1936, they acquired title by purchase. Under the statute they are "the party injured" by the waste upon which damages to the realty are claimed. The right of action for waste or injury to the inheritance is in the person seized of the estate in remainder or reversion. 67 C.J. 631.

The claim of damages to the realty relates to some fourteen acres of meadow and alfalfa fields that were not properly tilled and manured and the sale and carting away from the farm, late in 1935 and in 1936, of thirty-nine loads of manure that should have been used on the farm.

Since the action for waste does not apply to injuries resulting to personal property from nuisance or loss of such property the only elements upon which damages may be awarded in this case rests upon the waste to the realty and this includes the sale of the manure, which is held to be a part of the realty. This manure was of the value of five dollars a load, a total of $195.

The claim of damage to the fourteen acres of meadow and alfalfa land was in the amount of from $50 to $60 an acre and that it resulted from failure to till and fertilize. This claim I find to be somewhat excessive. Had the manure sold been used upon this land as it should have been, it would have reduced the damages to that land at least to the extent of the value of the manure.

From the failure to till in accordance with good husbandry the fourteen acres claimed, I find that $150 is a reasonable

sum to award in damages and from the sale of the manure and the consequent failure to fertilize, I find that $195 is a reasonable award of damages.

Judgment may enter for the plaintiffs to recover from the defendant $345 damages and costs.